**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0535-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERENCE F. NELSON, a/k/a
TERRANCE NELSON,

    Defendant-Appellant.

_____

Submitted November 18, 2025 – Decided December 4, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 21-07-1343 and 21-07-1344.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Terence F. Nelson appeals from two orders denying his petition for post-conviction relief (PCR). The first order was entered on July 29, 2024, and denied defendant's PCR petition because the PCR judge found there was no prima facie showing of ineffective assistance of trial counsel. In the second order entered on August 28, 2024, the PCR judge granted defendant's motion for reconsideration on one ground—that trial counsel was ineffective in not filing a direct appeal—and conducted an evidentiary hearing on this issue. Following the evidentiary hearing, the PCR judge concluded that defendant failed to establish his trial counsel was ineffective in not filing a direct appeal.

After considering the record in light of the parties' arguments and the applicable law, we affirm both orders denying defendant's PCR petition substantially for the reasons expressed in the comprehensive written and oral opinions rendered by Judge Ronald D. Wigler.

I.

In May 2021, defendant shot an unarmed man multiple times at a basement party in East Orange killing him. In separate indictments, defendant was charged with weapons offenses and first-degree murder. Under Indictment Number 2021-07-1343, defendant was charged with second-degree possession of a weapon by certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1)

2

(count one). Under Indictment Number 2021-07-1344, defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1) (count two); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count three).

On February 22, 2023, defendant entered guilty pleas under both indictments before Judge Wigler. Under Indictment Number 2021-07-1344, defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) under count one, and second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1), under count two. Count one under Indictment Number 2021-07-1343 was dismissed and count three under Indictment Number 2021-07-1344 was dismissed. As part of the plea agreement, the State recommended that defendant be sentenced to twenty-three years' imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Judge Wigler sentenced defendant in accordance with the plea agreement under count one, Indictment Number 2021-07-1344, the amended first-degree aggravated manslaughter charge, to twenty-three years' imprisonment subject to NERA; eleven-and-a-half-years of parole ineligibility pursuant to the Graves

3

Act, N.J.S.A. 2C:43-6(c); and five years of parole supervision. Under count two, defendant was sentenced to ten years' imprisonment with five years of parole ineligibility pursuant to the Graves Act and that sentence was to run concurrently to the first-degree aggravated manslaughter sentence.

At the conclusion of the sentencing hearing, the judge informed defendant of his right to appeal, that he had forty-five days to file a notice of appeal, and an additional thirty days to file an appeal if good cause was shown. Defendant's trial counsel signed and filed a "notice of appeal rights and time to file a petition for PCR form," which was dated April 24, 2023. The signature line for defendant was blank. Defendant did not file a direct appeal.

Ninety-one days after being sentenced, defendant filed a self-represented PCR petition and was assigned PCR counsel. Judge Wigler heard oral argument on the petition. The judge considered, but rejected defendant's eight arguments that his trial counsel had been ineffective for failing to: (1) request full discovery; (2) assist and go over his case with him; (3) preserve the attorney-client relationship because of his attitude towards defendant; (4) put in monitors defendant requested; (5) move to suppress witness identifications and file a subsequent dismissal motion; (6) investigate the scene of the shooting; (7) present any mitigating factors at sentencing; and (8) file a direct appeal.

4

In a forty-four-page written opinion accompanying the July 29, 2024 order, the judge determined that defendant had not established a prima facie showing of ineffective assistance of counsel, and therefore, the judge denied the petition without an evidentiary hearing. The judge found the three eyewitness identifications of defendant were confirmatory identifications, which did not require a hearing under United States v. Wade, 388 U.S. 218 (1967).[1] The judge also determined the identifications would not have been suppressed had trial counsel filed a Wade motion because they were not show-up identifications, and therefore, not impermissibly suggestive and not substantially likely to cause misidentification. The judge reasoned there cannot be a claim for ineffective assistance of counsel if trial counsel neglects to file a meritless motion.

The judge considered and rejected defendant's claim of ineffective assistance of trial counsel based on defendant's allegation he failed to file a

---

[1] "[A] trial court conducts a Wade hearing to determine the admissibility of the out-of-court identifications." State v. Micelli, 215 N.J. 284, 288 (2013). The hearing determines "if [an] identification procedure was impermissibly suggestive and, if so, whether the identification is reliable." Ibid. A Wade hearing is not required in every case involving an out-of-court identification. State v. Ruffin, 371 N.J. Super. 371, 391 (App. Div. 2004). To be entitled to a hearing, the defendant must first present "some evidence of suggestiveness" that could result in a misidentification. State v. Henderson, 208 N.J. 208, 238, 288 (2011). Courts consider various "system variables," which include pre-identification instructions, witness feedback, and whether the witness viewed the defendant multiple times. Id. at 289-90.

direct appeal, despite defendant ostensibly asking him to do so. The judge noted defendant did not file a sworn statement or certification in support of his contention and there was "nothing under oath to indicate . . . that's what he actually asked counsel to do."

On August 16, 2024, defendant filed a motion for reconsideration accompanied by an amended verified PCR petition. The amended verified PCR petition included pages omitted with the initial PCR petition, which included a signed amended verified petition supporting defendant's PCR claim that he asked trial counsel to file a direct appeal. On August 28, 2024, the judge granted defendant's motion for reconsideration and conducted a second PCR hearing. The judge limited the hearing to defendant's claim that his trial counsel failed to file a direct appeal.

Defendant and his trial counsel testified at the hearing. Trial counsel was questioned about the "notice of appeals rights and time to file a petition for [PCR]" form. Trial counsel testified he went over the form with defendant at the April 24, 2023 sentencing hearing and that defendant never requested him to file a direct appeal.

Defendant testified his trial counsel told him he would file a direct appeal. Defendant explained he was confined in an institution where he was unable to

6

access the law library to properly request an appeal be filed. Defendant also testified as to each of his nine prior convictions on direct and cross-examination. After defendant testified, his PCR counsel requested that the judge grant defendant's PCR petition and allow him to file a direct appeal of his conviction.

At the close of the evidence, the judge issued an oral decision denying defendant's PCR petition. The judge found trial counsel was "credible," and defendant was "not credible." The judge highlighted defendant had eight or nine prior indictable convictions, many of which were for "voracity type crimes," such as receiving stolen property and burglary. The judge noted defendant "waffled" when questioned by his PCR counsel, and ultimately acknowledged on cross-examination, "that he had forty-five days to appeal." The judge stressed defendant's testimony that he has been "locked up so many times," and "gets high." The judge also noted defendant's testimony that the reason he did not file appeals in his prior matters was because they dealt with lesser charges. The judge determined trial counsel was "credible" when he testified that defendant "never told him to file an appeal." This appeal followed.

II.

On appeal, defendant's PCR counsel raises the following arguments:

A-0535-24

POINT I

THE COURT FAILED TO VIEW THE FACTS IN THE LIGHT MOST FAVORABLE TO DEFENDANT. State v. Preciose, 129 N.J. 451 (1992)

POINT II

COUNSEL'S REPRESENTATION OF DEFENDANT CONSTITUTES INEFFECTIVE ASSISTANCE.

POINT III

THE COURT ERRED IN FINDING THE IDENTIFICATIONS AS CONFIRMATORY AND NOT SUBJECT TO THE ADMISSIBILITY REQUIREMENTS OF SHOW[-]UPS. State v. Pressley, 232 N.J. 587 (2018)

POINT IV

THE COURT ERRONEOUSLY RELIED UPON AN UNPUBLISHED SUPERIOR COURT CASE AS AUTHORITY. R. 1:36-3 (Not Raised Below)

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

8

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10 provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Porter, 216 N.J. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." Preciose, 129 N.J. at 462.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). We review any legal conclusions of the trial court de novo. Id. at 576-77; State v. Harris, 181 N.J. 391, 419 (2004).

A.

Defendant asserts the judge failed to view the facts in the light most favorable to him, citing Preciose, 129 N.J. at 462-63. In particular, defendant argues the judge used the "notice of appeals rights and time to file a petition for [PCR]" form—which trial counsel filled out on the day of sentencing—against defendant. He maintains his trial counsel signed the form, but defendant's signature is missing. According to defendant, this establishes direct evidence his trial counsel failed to discuss the possibility of a direct appeal with him and supports defendant's testimony that trial counsel left right after the sentencing hearing without mentioning anything to him about filing an appeal.

Defendant also contends the judge failed to weigh the evidence in the light most favorable to him, when he failed to consider his self-represented PCR petition filed only ninety-one days after his sentencing, demonstrating defendant's intent to timely file a direct appeal. Defendant reasons his mistaken filing for PCR instead of a direct appeal should be excused due to his "inexperience and lack of knowledge of the forms."

The sufficient credible evidence adduced at the evidentiary hearing proves defendant's trial counsel was not ineffective for failing to file a direct appeal. Most importantly, defendant's trial counsel credibly testified that there was

10

never a request by defendant to file a direct appeal. Once the evidentiary hearing was conducted, the judge was required to make factual and legal findings based on the objective, credible evidence presented and was not obligated to view the facts in the light most favorable to defendant. We note the judge granted defendant's motion for reconsideration and conducted an evidentiary hearing on the direct appeal issue because he reviewed the facts in the light most favorable to defendant.

B.

Next, defendant claims trial counsel coerced him into pleading guilty and to accept the State's plea offer. Defendant maintains his trial counsel was inadequate in handling the matter pre-trial and was ineffective by not filing a motion to suppress the three eyewitness identifications made from two photographs and a five second clip of the surveillance video. Defendant argues he wanted trial counsel to prepare for trial, but instead trial counsel limited his representation to plea bargaining. At the plea allocution, defendant contends the questions asked to establish the factual basis of the plea called for "yes or no answer[s]," such as whether he possessed a gun without having a permit, and whether in total regard of human life, he used the gun to shoot the unarmed

victim several times knowing it would kill him. We reject defendant's arguments.

Judge Wigler was in a particularly good position to evaluate defendant's arguments. The judge had taken defendant's plea and imposed the sentences. The judge carefully considered defendant's PCR claims as stated and determined trial counsel was not ineffective. Contrary to defendant's assertions, the judge pointed out that during defendant's plea allocution, defendant "assured" the judge he was satisfied with the services of his trial counsel. Moreover, the judge specifically asked defendant if trial counsel reviewed all of the discovery with him, and defendant responded in the affirmative.

Based upon our de novo review, the judge properly found the three eyewitness identifications of defendant were confirmatory identifications, and therefore, trial counsel's failure to file a motion to suppress did not constitute ineffective assistance. Alternatively, defendant claimed the three identifications were "show-up" identifications, were tainted by personal bias, and therefore required a Wade hearing. Defendant contends the identifications were show-ups due to the fact that two photographs from the crime scene and a five second surveillance video clip were shown to the three eyewitnesses. Defendant also alleges certain system and estimator variables espoused in State v. Henderson,

12

208 N.J. 208, 218 (2011), rendered the identification procedure inherently suggestive here, and the judge failed to consider them.  We disagree.

The judge considered defendant's arguments and concluded the three eyewitnesses were "previously known to or acquainted with" defendant. Pressley, 232 N.J. at 593.  For example, one of the eyewitnesses was defendant's ex-fiancé, and the judge observed her identification did not present "a substantial likelihood of irreparable misidentification."

Another eyewitness attended the basement party where the shooting occurred with his friend "L"—defendant's street name—and showed "L's" Facebook account to detectives.  This eyewitness identified defendant from still photographs taken from the surveillance video.  The judge highlighted the eyewitness previously encountered defendant and had known him for twenty years.  The third eyewitness was a "close associate" of defendant, and she indicated he was her "boyfriend."  This eyewitness claimed defendant told her his name was "Xavier."  Because defendant was at her residence when law enforcement arrived, and she was in a relationship with him, the judge determined this eyewitness's identification was confirmatory and not a show-up.

Therefore, the generalized assertion the three eyewitness identifications would have been suppressed if a motion was filed was unavailing.  The State's

13

evidence against defendant was strong, including four 9-millimeter spent casings near the victim's body, two cell phones on the ground near the victim's feet, a ballistic fragment, three projectiles in the basement, a digital video recorder, and surveillance video of the crime scene. Our de novo review of the record leads us to the same conclusion.

We are also unpersuaded by defendant's argument that the judge improperly relied on one of our unpublished opinions[2] in reaching his decision. The record supports the judge's determination "there would be no likelihood of success relative to any of these identifications, that they would have been in any way suppressed." Therefore, trial counsel was not ineffective in failing to file a motion to suppress, and no prejudice has been shown. The judge astutely pointed out that if trial counsel were to file any meritless motions, the plea

---

[2] Rule 1:36-3 provides:

> No unpublished opinion shall constitute precedent or be binding upon any court. Except for appellate opinions not approved for publication that have been reported in an authorized administrative law reporter, and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any similar principle of law, no unpublished opinion shall be cited by any court. No unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel.

negotiations and agreement reached may not have been as favorable to defendant.

C.

Defendant also argues that his trial counsel was ineffective at sentencing by failing to argue for mitigating factor four (there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense). See N.J.S.A. 2C:44-1(b)(4). Defendant contends his trial counsel was ineffective at sentencing because he "remained silent" regarding both aggravating and mitigating factors, only asked the judge to sentence defendant in accordance with the plea agreement, and expressed condolences to the victim's family members who were present.

Our de novo review of the record establishes the judge correctly rejected defendant's claim that his trial counsel was ineffective in not arguing for mitigating factor four. Defendant does not present any facts or reasons in his merits brief to support his argument that mitigating factor four should have been found. The judge carefully considered defendant's argument that: (1) he was the victim of a shooting in 2018; (2) as a child, defendant was removed from his mother's care; (3) defendant's mother died from breast cancer when he was four

15

years old; and (4) defendant grew up in Newark in an area with moderate crime and drug activity.

The judge had information pertaining to mitigating factor four at the time of sentencing. Defendant's pre-sentence investigation report contained the information relevant to mitigating factor four under the "family history" and "physical appearance/additional comments" sections. The judge reasoned he possessed and considered the information stated above and held mitigating factor four was inapplicable because defendant's conduct of shooting the victim four or five times could not be excused or justified. The judge also gave detailed findings as to why the remaining thirteen mitigating factors would have been unsuccessful.

Based upon our de novo review, we also conclude defendant failed to demonstrate ineffective assistance of trial counsel or prejudice. Trial counsel negotiated a very favorable plea agreement. Defendant was sentenced to twenty-three years' imprisonment subject to NERA for the first-degree aggravated manslaughter and weapons charges. Moreover, the sentences imposed were the sentences that defendant had negotiated for in his plea agreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

16

A-0535-24